# WILLIAM CARLISLE v. THOMAS CARLISLE, JR.

Court of Chancery.   Sussex.   July 28, 1817.

*Ridgely's Notebook I, 125.*

THE CHANCELLOR. This application to open and set aside the decree is rejected because the party has wantonly neglected and delayed the business. Ever since the affidavit was filed it has been egregiously neglected; and so at this very term the counsel has left it to be laid before the Chancellor at the last moment. To open the decree, let the party proceed according to the usual course of proceeding in Chancery. This application is rejected.[1]

---

[NOTE.] What follows is a note to this case made after the rejection of the petition.

The defendant, Thomas Carlisle, Jr., was not present. No answer was filed, and none was prepared nor offered to be filed. This was not a motion, in effect, for a rehearing, but for time to plead, and to give defendant opportunity to do what he long before ought to have done. In fact it would virtually have abolished the rules and course of the court. But a rehearing, the decree being signed and enrolled, was not proper. In *Mills v. Bank*, 3 P.Wms. 1, 8, the Lord Chancellor said that it was in the discretion of the court to grant a rehearing; and that on a rehearing it is equally so whether they will do anything. There he would not do anything, because an infant's money had been lent under the decree, and he said for the court to make another decree, setting aside this security, would be to make the court fight against itself. In one case Mr. Robinson, who was counsel for the complainant, stated that the complainant since the decree had sold the land.

In *Mills v. Banks* it does not appear whether the decree had been signed and enrolled; but in the case of *Mr. Onslow*, 3 P.Wms. 8, 2 Harr.Ch.Pr. 86, the rehearing was sustained on the circumstances of the case, and because the decree had not been enrolled and, of course, not signed.

In *Taylor v. Sharp*, 3 P.Wms. 371, it was laid down as a rule, that if a decree be obtained, and that decree enrolled, so that the cause cannot be reheard on petition, the party grieved can in no case set aside this decree or obtain relief against it by an original bill; and that the only remedy in such case is by bill of review, which must be either for error appearing on the face of the decree, or upon some new matter, as a release, receipt etc., proved to have been since discovered. In 2 Atk. 177, *Standish v. Ridley,* where a decree had not been signed and enrolled, a bill in the

---

. [1] At this point there is a reference to the note at *Ridgely's Notebook I, 127,* which is printed below.

nature of a bill of review is a proper one. No question arose on a rehearing, but the case clearly implies that there could be no rehearing on a decree signed and enrolled.

Amb. 89. A decree *nisi* made absolute was ordered after two years to be reheard on terms. In that case the whole pleadings were filed; and from the report, the decree, I apprehend, was not enrolled and signed. The order for confirmation had been made absolute; and in that way the cause stood when it was ordered to be reheard.

*Bolger v. McKell*, 5 Ves.Jr. 509, 511, it appears, from what the Attorney General observed upon the agreement then made, that a decree not signed and enrolled may be impeached on a rehearing. And I apprehend that a rehearing is not the proper course after the case is completely finished, that is, signed and enrolled, for then the power of the court over that case seems to cease, unless on a new suit or bill it be brought into question, or bill of review, etc.

See *Gould v. Tancred*, 2 Atk. 533; *Norris v. Neve*, 2 Atk. 27; *Westly v. Birkhead*, 3 Atk. 809.